**[J-99-2018] [MO: Todd]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| S & H TRANSPORT, INC., | : | No. 8 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 242 CD |
| | : | 2017 entered October 5, 2017 |
| v. | : | Reversing the Order of the Court of |
| | : | Common Pleas of York County, Civil |
| | : | Division, at No. 2012-SU-4143-54, |
| CITY OF YORK, | : | dated February 7, 2017, entered |
| | : | February 9, 2017. |
| Appellee | : | |
| | : | ARGUED:  December 5, 2018 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BAER**                                         **DECIDED:  July 17, 2019**

While I concur with much of my colleagues' reasoning, I respectfully dissent from the Majority's mandate and instead would affirm the Commonwealth Court's conclusion that S&H Transport, Inc. (S&H) is not entitled to deduct the challenged receipts prior to calculating the amount it owed pursuant to the City of York's Business Privilege and Mercantile Tax (BPT).

Specifically, I agree with the Majority's conclusion that the relevant charges are taxable gross receipts under Pennsylvania's Local Tax Enabling Act because they are not "charges advanced by a seller for freight, delivery or other transportation for the purchaser in accordance with the terms of a contract of sale."  53 P.S. § 6924.301.1(f)(12)(ii).  As ably explained by the Majority, the quoted freight delivery exclusion is inapplicable because S&H is not a "seller" pursuant to "a contract of sale,"

which presupposes a sale of goods, rather than services, to a buyer. *See* Maj. Op. at 16-17.

I dissent, however, from the Majority's conclusion that the portion of S&H's receipts remitted to the common carrier fall within the BPT's freight delivery exclusion. *Id.* at 18-19. In relevant part, the BPT Regulation excludes from taxation "receipts which constitute . . . [f]reight delivery or transportation charges paid by the seller for the purchaser." BPT Regulation § 206(j)(2). Similar to the analysis of the parallel provision of the LTEA, the language of the City's regulation contemplates that the "seller" is paying the freight delivery charges for the tangible item that requires shipment to the "purchaser." S&H, however, is not selling something requiring shipping but instead is selling its intangible freight brokerage services. Accordingly, I agree with the Concurring Opinion of Chief Justice Saylor to the extent it concludes that the charges are not excluded under either the LTEA or the BPT's freight delivery exclusion. Concurring Op. at 1.

Nevertheless, I disagree with the Chief Justice's Concurrence in regard to his conclusion that the amounts S&H paid to the common carrier for shipment should be omitted from the calculation of taxable gross receipts as a pass-through payment. *Id.* at 2. Instead, I concur with the Majority's analysis of that issue. Maj. Op. at 17-18. As noted by the Majority, the BPT Regulation specifically defines "gross receipts" as the monies received "without deduction" for the various expenses involved in producing the product or performing the service. BPT Regulation § 201 (defining "gross receipts" to include "[c]ash . . . received in exchange for merchandise sold or services performed . . . , without deduction there from [sic] on account for costs of property or merchandise sold; materials, labor or services furnished or used; interest or discount paid; or any other business related expense . . . ."). Here, the amounts paid to the common carrier are integral to S&H's

performance of its freight brokerage services and thus should be included as a business expense.

In sum, I concur with Chief Justice Saylor's conclusion in his concurrence that the relevant receipts are not encompassed by the BPT Regulation's freight delivery exclusion, the Majority's determination that they do not fall within the LTEA's freight delivery exclusion, and the Majority's holding that S&H's expenses should be included in their gross receipts. Accordingly, I would affirm the Commonwealth Court's holding that the challenged receipts are subject to the City of York's Business Privilege Tax.